| | |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS JAMES BREWER,<br><br>Plaintiff,<br><br>v.<br><br>FLOREZ, et al.,<br><br>Defendants. | No. 2:17-cv-2003-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is incarcerated in the Yuba County Jail, is proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed four motions to proceed in forma pauperis (ECF Nos. 6, 10, 11 & 12), and a motion for a temporary restraining order (ECF No. 14). As discussed below, plaintiff's request for leave to proceed in forma pauperis is granted, but his complaint fails to state a cognizable claim and must be dismissed with leave to amend. In light of that deficiency, the motion for a temporary restraining order must be denied.

### Application to Proceed In Forma Pauperis

Plaintiff's application (ECF No. 12) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). Plaintiff's other in forma pauperis applications (ECF No. 6, 10, & 11) are denied as moot.

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### Screening Order

Plaintiff alleges generally that defendant Florez has subjected him to excessive force, denial of medical care, and retaliation. However, his claims are too vague to proceed.

Plaintiff claims that, on an unspecified date, Florez used excessive force against him "out of anger." ECF No. 1 at 3. He does not offer any meaningful description of the excessive force Florez allegedly used against him or the circumstances under which force was used. Instead, he simply states that he had bruises and marks on his arms from being handcuffed. *Id.* Plaintiff also alleges that Florez cut himself and began to bleed, though it is unclear how this occurred or how it is relevant to the excessive force claims. *Id.* After this incident, plaintiff claims that he was removed to a medical cell without privileges and without a disciplinary hearing. *Id.*

At some later point, plaintiff alleges that Florez issued a "write-up" that "did not go through." *Id.* at 5. Angered by this, Florez allegedly began to retaliate against plaintiff. *Id.* Plaintiff demanded to speak to mental health staff, though it is not clear what psychiatric issues he suffered from. *Id.* He intimates that Florez prevented him from securing psychiatric treatment, though he does not explain how. *Id.*

Plaintiff's complaint will be dismissed with leave to amend. First, plaintiff should describe, in precise terms, how Florez subjected him to excessive force. Second, and to the extent he seeks to raise a claim for medical deliberate indifference, plaintiff must describe what health issues he suffered from and how Florez (or any other defendant) interfered with his treatment. Third, the court concludes that plaintiff's retaliation claim fails. Plaintiff does not allege that Florez retaliated against him based on the exercise of any protected conduct. *See, e.g., Rhodes v. Robinson,* 408 F.3d 559, 567-568 (9th Cir. 2005)("Within the prison context, a viable claim of

First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."). Finally, plaintiff is advised that any claims against Yuba County Jail itself are non-cognizable. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

<u>Leave to Amend</u>

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

4

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Motion for a Temporary Restraining Order

Plaintiff also requests a restraining order to keep an "officer," presumably Florez, 500 feet away from him. ECF No. 14. However, plaintiff fails to meet the minimum threshold for merit to satisfy the standard for a temporary restraining order or preliminary injunction.[1] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed for failure to state a claim and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion must be denied.

/////

---

[1] A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, ––– U.S. –––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 12) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice filed concurrently herewith;

3. Plaintiff's other applications to proceed in forma pauperis (ECF Nos. 6, 10, & 11) are DENIED as MOOT;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order;

5. Failure to comply with this order may result in dismissal of this action; and

6. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 14) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 17, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE